Arriving at this conclusion, the order of the court is that the petition be dismissed.

*Petition dismissed.*

BARNES and HORNBECK, JJ., concur.

ACH, APPELLANT, *v.* HERMAN A. STRAUS, INC., APPELLEE.

(Decided May 5, 1941.)

*Messrs. Paxton & Seasongood,* for appellant.
*Mr. Leonard H. Freiberg,* for appellee.

MATTHEWS, P. J.   This is an appeal by the plaintiff and a cross-appeal by the defendant from a judgment rendered by the Court of Common Pleas of Hamilton county in an action upon a contract for the remodeling of a house owned by the plaintiff, and a supplemental contract entered into after a controversy had arisen between the parties as to whether the defendant had performed the original contract.

The plaintiff alleged that the defendant was employed as the general contractor and that it undertook to do certain parts of the work of remodeling the house itself and to enter into contracts with others to do other parts of the work, and guaranteed the plaintiff against defects and deficiencies in the work done by the contractor itself. The plaintiff also alleged that after the defendant had entered upon the work a controversy arose between plaintiff and defendant as to the amount to be paid by defendant and that this was settled by a supplemental agreement in which the defendant bound itself to procure from subcontractors and materialmen a guaranty against defects and deficiencies in the work done by them or, upon failure, to withhold from them a sum which in its opinion would be sufficient to protect the plaintiff. The plaintiff also alleged that the defendant did not obtain the guaranties and did not withhold any money, and that certain defects and deficiencies developed in the work of subcontractors, to

his damage in the sum of $2,240, for which amount he asked judgment.

The defendant admitted that a controversy arose which was settled by an agreement and denied all other allegations.

The jury returned a verdict for the plaintiff for $2,335.20. The defendant moved for a new trial, which the court overruled, but finding the verdict excessive, due to a miscalculation, entered judgment for $1,039, to which both litigants excepted.

These appeals are from that judgment.

There was evidence to show that the total damage suffered by the plaintiff was $1,995.15. At the time the supplemental or compromise agreement was entered into, the painter had been paid all but $317 of the contract price. There was substantial evidence that showed that the damage resulting from defects in the painting amounted to $1,238, and the jury so found. The trial court reached the conclusion that the plaintiff could recover only $317 for the defects in the painting and, therefore, reduced the verdict by the difference between $1,238 and $317. This deduction raises the sole question before the court.

While there are contradictory provisions in the original agreement, it is clear that all those doing work and furnishing materials, including the defendant, had direct contractual relations with the plaintiff and that the tripartite relation of owner, contractor and subcontractor did not exist. The defendant acted as the plaintiff's agent, and not in its own behalf, in making contracts with others. It also acted as a disbursing agent for the plaintiff who paid to it the money for the work done by others for that purpose. While this is clear, it is equally clear that the parties used the term "subcontractor" to identify those doing work and furnishing materials other than the defendant.

The record shows that the defendant did not obtain the guaranty from the painter as required by the sup-

plemental agreement. What defendant obtained was an agreement by the painter to indemnify and save defendant harmless,.and to correct defects in certain respects that appeared within one year. It obtained no unlimited guaranty running to the plaintiff. And the defendant did not perform the other alternative by retaining money otherwise due the painter. The bill of exceptions shows that the defendant asked the painter for an unlimited guaranty at the time it paid him the balance, and upon his refusal took the contract of indemnity, which was for its protection and not as a performance of the alternative to withholding the money.

As the unpaid balance on the painter's contract at the time the compromise agreement was entered into was only $317, it is manifest that the parties contemplated that the defendant could fully perform its contract in respect to the painting by withholding that balance. That was the maximum damage that was in the contemplation of the parties.

Counsel for the plaintiff rely upon 1 Restatement of Contracts, 492, Section 325 (2), as supporting plaintiff's right to recover the total damage shown to have resulted from the defective painting. That section states the rule as follows:

"(2) When an alternative contract has ceased to be alternative by reason of an election by the party having the option, by impossibility of performing one or more of the alternatives, or otherwise, a breach as to the one remaining alternative may occur in the same way as if the contract had originally provided for only that performance."

We do not find an election between alternatives. The defendant performed neither. Its contention was and is, that the plaintiff already had the guaranty in the painter's original contract to do the work and that no further guaranty was necessary. While it is true that at a much later date, the defendant delivered to the

plaintiff the later contract of indemnity, etc., that is no evidence that it elected to perform one alternative rather than the other.

We believe the correct rule of damage in a case of this sort is stated in 1 Restatement of Contracts, 565, Section 344, as follows:

"The damages for breach of an alternative contract are determined in accordance with that one of the alternatives that is chosen by the party having an election, or, in case of breach without an election, in accordance with the alternative that will result in the smallest recovery."

In the comment to this section, it is stated that the measure of damage for breach of an alternative contract is the value of the least valuable alternative "except when the breach occurs after the promisor has elected another alternative."

There is no evidence that the defendant at any time communicated to the plaintiff any intention to commit itself to the obligation to obtain the painter's unlimited guaranty. And we find nothing in its dealings with the painter evincing such an intention or having that legal effect.

It seems to us that the rule invoked by the plaintiff only applies when by the election there is imposed upon the promisor the performance of duties that survive the election and the action is to recover damages for subsequent failure to perform those duties—not to an action to recover for the total breach of the original alternative promise, committed at the time stipulated for the performance of one or the other alternatives as in this case.

We are of the opinion that the judgment is correct. It is, therefore, affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.